UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN R. LEGENDRE | CIVIL ACTION |
| VERSUS | NO: 19-14336 |
| LAMORAK INSURANCE COMPANY, et al. | SECTION: T (5) |

### ORDER

Before the Court is a motion to remand to state court filed by Plaintiff Stephen R. Legendre,[1] now substituted by Kathleen Legendre, his wife, and his children, Stephen Legendre, Jr., Scott Legendre, and Robert Legendre (hereafter, "Plaintiffs"). Defendants, the Avondale Interests, have filed an opposition.[2] Plaintiffs filed a reply in support of their motion.[3] With leave of Court, Plaintiffs also a filed a supplemental memorandum,[4] to which Defendants filed a response.[5] Plaintiffs then filed a reply.[6] For the reasons set forth below, the motion to remand is DENIED.

FACTS AND PROCEDURAL HISTORY

In October 2019, Plaintiff filed his Petition for Damages in state court alleging that he was diagnosed with malignant mesothelioma in September 2019, and that his mesothelioma was caused

---

[1] R. Doc. 61.
[2] R. Doc. 67. Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., and f/k/a Avondale Marine Ways, Inc.) and Lamorak Insurance Company1 (collectively hereafter "the Avondale Interests").
[3] R. Doc. 70.
[4] R. Doc. 165.
[5] R. Doc. 173.
[6] R. Doc. 176.

1

by exposure to asbestos from several sources, including asbestos allegedly brought home on the Avondale work clothes of his father, Percy Legendre, Sr. Plaintiff alleged that his father worked at Avondale in "various positions" from 1943 to 1945, and was exposed to asbestos "on a daily basis."[7]

Defendants filed a Notice of Removal pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442,[8] based on allegations of exposure to asbestos sustained by Stephen Legendre through the work of his father, Percy Legendre, Sr., at Avondale Shipyard.[9] Plaintiffs filed a motion to remand asserting that they have not alleged strict liability claims, only negligence claims, and that federal jurisdiction is not warranted for three reasons. First, Plaintiffs contend the Avondale Interests cannot show that Mr. Legendre's father, Percy Legendre, Sr., was exposed to asbestos on government vessels. Second, Plaintiffs argue that, even if Percy Legendre, Sr. was exposed to asbestos in connection with government contracts, the Avondale Interests cannot show they complied with the government's requirements or specifications with regard to the safe

---

[7] R. Doc. 1-1.
[8] 28 U.S.C. § 1442(a)(1) provides as follows:
   (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

   (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[9] R. Doc. 1. Plaintiff also alleged exposure to asbestos brought home on the clothing and persons of his brothers, Percy Legendre, Jr. (who worked for Avondale) and Floyd Legendre (who worked for Entergy). Defendants' removal is premised upon the work performed by plaintiff's father, Percy Legendre, Sr. R. Doc. 61-1, p.1 n. 1.

handling of asbestos. Finally, Plaintiffs contend the Avondale Interests cannot show they have a colorable federal defense.

## LAW and ANALYSIS

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[10] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[11] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[12]

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]"[13] "[T]he right of removal...is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court."[14] Only a "colorable defense" under federal law is necessary to avoid remand, because one "need not win his case before he can have it removed."[15] "This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." It is well-settled that the federal officer removal statute must be liberally construed,

---

[10] 28 U.S.C. § 1441.
[11] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002)).
[12] *Manguno*, 276 F.3d at 723.
[13] 28 U.S.C. § 1442(a)(1), note 8, *supra*.
[14] *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).
[15] *Id.* at 407.

"resolving any factual disputes in favor of federal jurisdiction."[16]

The Fifth Circuit recently overruled precedent imposing "a 'causal nexus' test after Congress amended section 1442(a)" in 2011, and clarified the standard required for a government contractor to remove a case pursuant to the federal officer removal statute as follows:

> [T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.[17]

### A. Exposure to Asbestos Pursuant to a Government Contract

Plaintiffs first argue Defendants have not presented any evidence that Stephen Legendre was exposed to asbestos from a government vessel. Plaintiffs note that, although Avondale asserted in its removal that Stephen Legendre would have been exposed to asbestos from government vessels through the work of his father, Percy Legendre, Sr., they cannot show that Percy Legendre, Sr., ever worked on a government vessel during his employment at Avondale between 1943 and 1945. Plaintiffs point out that Percy Legendre, Sr. is deceased and never gave a deposition prior to his death. Plaintiffs contend Defendants' own attachments show only that "repair and conversion work is being done at the wet dock on Government and private contracts." Plaintiffs assert Defendants have not submitted any evidence that Mr. Legendre's exposure to asbestos occurred from work on government contracts as opposed to the repair and conversion work on private contracts that were ongoing at Avondale.

---

[16] *Breaux v. Gulf Stream Coach, Inc.*, No. Civ. A. 08-893, 2009 WL 152109, p. 2 (E.D. La. Jan. 21, 2009) (citing *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992)); *see also Landreaux v. Huntington Ingalls, Inc.*, No. Civ. A. 20-1208, 2021 WL 973616 (E.D. La. 3/16/2021).
[17] *Latiolais*, 951 F.3d at 296 (internal quotation marks omitted).

Plaintiffs point out that this same issue arose when Stephen Legendre's sister, Mary Jane Wilde, filed her claim for mesothelioma due to the work of her father and brother at Avondale Shipyard.[18] In *Wilde v. Huntington Ingalls*, the Fifth Circuit considered a motion to stay filed by the Avondale Interests after the district court granted plaintiffs' motion to remand. In denying the motion to stay, the Fifth Circuit in *Wilde*, according to Plaintiffs, considered these same contracts and specifications attached by the Avondale Interests to this motion to remand and held as follows:

> The problem is that there is simply no evidence that Legendre was ever in contact with these ships. While Wilde pleads that Legendre worked at Avondale when federal ships were under construction, there is no direct evidence in the record indicating that Legendre actually worked on or around N3-S-A1 ships that contained federally mandated asbestos.[19]

The *Wilde* Court held that the defendant could not show a causal nexus between federal activity and Mr. Legendre's exposure without evidence linking Mr. Legendre to the vessels in question.[20]

Plaintiffs also point to Defendants' more recent answers to interrogatories, which they argue establish that Avondale admitted it has no evidence that Percy Legendre, Sr. worked on any government vessel.[21] In response to Interrogatory No. 12, Plaintiffs assert, Avondale stated that "Defendant does not have sufficient information to respond to this Interrogatory with respect to Percy Legendre, Sr. as there is no evidence as to the type of work he may have performed at Avondale."[22] Thus, Avondale, according to Plaintiffs, has admitted there is no evidence that Percy Legendre, Sr. performed work that would have placed him on a government vessel.

Defendants counter that Plaintiffs in their petition alleged that Percy Legendre, Sr. was

---

[18] *Wilde v. Huntington Ingalls, Inc.*, 616 Fed.Appx. 710, 715-716 (5th Cir. 2015)
[19] *Id.* at 714.
[20] *Id.*
[21] R. Doc. 165, pp. 1-2.
[22] *Id.* at 2.

5

exposed to asbestos while working at Avondale from 1943 to 1945. Defendants point to the testimony of Ms. Wilde, Stephen Legendre's sister, in earlier litigation in which she testified that her father had worked in the engine rooms of Navy ships being constructed at Avondale.[23] Defendants assert that, if Plaintiff's father worked in the engine rooms of vessels constructed at Avondale during the years 1943 to 1945, those vessels were built for the government.[24] From 1943 to 1945, Defendants aver, Avondale built eight V4-M-A1 Type Single Screw Ocean Going Tugs and fourteen N3-S Type Coastal Cargo Ships (hereafter "the Federal Vessels") pursuant to contracts with the United States Maritime Commission (the "Commission").[25] These are the only vessels Avondale constructed during the 1943 to 1945 time period that contained engine rooms, Defendants maintain.[26]

As to the answer to the interrogatory cited by Plaintiffs, Defendants explain that the response merely states there are no records as to the type of work Mr. Legendre performed or whether any other employees knew of his work during that time period.[27] Defendants deny that the answer to the interrogatory undermines their showing that Plaintiffs' allegations of exposure through the work of Percy Legendre, Sr., by necessity, must relate to the Federal Vessels.[28] Lastly, Defendants point out that the Fifth Circuit in *Wilde* was confronted with not only no evidence in the record, but also no pleading or argument by Avondale in that case, that Percy Legendre, Sr.

---

[23] R. Doc. 67, pp. 9-10, quoting Exhibit A, November 25, 2014 Deposition Testimony of Mary Jane Wilde, pp. 15-16, 62.
[24] R. Doc. 67, p. 10.
[25] *Id.*
[26] *Id.*
[27] R. Doc. 173.
[28] *Id.*

had worked around government ships.[29] By contrast in this case, Defendants argue, the Avondale Interests have specifically pled and submitted evidence that, if Percy Legendre, Sr. was exposed to asbestos at Avondale, as Plaintiffs allege, those exposures necessarily occurred during his work in engine rooms of the Federal Vessels.[30] As such, they argue, the Avondale Interests have made a colorable showing in this case that Plaintiffs' allegations, by necessity, include exposure to asbestos originating from the Federal Vessels.[31]

There can be no doubt that after *Latiolais*, jurisdiction under Section 1442 must be broadly construed, and that factual disputes must be resolved in favor of maintaining federal jurisdiction. Factual issues need not be decided at this stage, and a "federal contractor defense is adequate for jurisdictional purposes when the removing party's entitlement to it is subject to reasonable debate."[32] Here, there is a factual dispute as to whether Stephen Legendre was exposed to asbestos through his father's employment at Avondale working on government ships being constructed during that time period. The Court need not resolve that dispute at this time to find that it has jurisdiction over the case.

### B. The Connection Prong

Plaintiffs next argue Defendants cannot show they complied with the government's requirements and/or specifications.[33] They contend that the allegations against the Avondale Interests are the failure to handle asbestos properly and failure to prevent asbestos from being carried home on the clothing of Percy Legendre, Sr. Plaintiffs argue that Defendants cannot show

---

[29] *Id.*, p. 4.
[30] *Id.*
[31] *Id.*
[32] *Schexnayder v. Huntington Ingalls, Inc.*, 2020 WL 3970159 (E.D.La. July 14, 2020) (citing
[33] R. Doc. 61-1, p. 4.

they have a colorable federal defense because the Avondale Interests failed to comply with the government's requirements regarding protection of employees from asbestos exposures.[34] As Defendants point out, the Fifth Circuit in *Latiolais* specifically overruled cases employing the "direct causal nexus" test. The *Latiolais* court rejected that plaintiff's argument that Avondale negligently failed to warn him about asbestos hazards and failed to provide adequate safety equipment.[35] The court stated:

> [T]he pleadings here satisfy the "connection" condition of removal. Latiolais alleges that Avondale failed to warn him of the dangers of asbestos and failed to take measures to prevent exposure. This negligence is connected with the installation of asbestos during the refurbishment of the USS *Tappahannock*. Avondale performed the refurbishment and, allegedly, the installation of asbestos pursuant to directions of the U.S. Navy. Thus, this civil action relates to an act under color of federal office.[36]

The same reasoning applies to the case before the Court, with respect to Plaintiffs' negligence claims. Defendants have produced evidence showing that Avondale was compelled to use asbestos to meet detailed government specifications and that the government exercised supervision over the shipyard's work to ensure compliance. Plaintiffs arguments go toward whether Defendant's federal officer immunity defense is valid, not whether the matter was properly removed under the federal officer removal statute. Accordingly, Plaintiffs' claims are sufficiently connected to the installation of asbestos during the construction of the government ships so as to confer jurisdiction under the federal officer removal statute.

---

[34] *Id.*
[35] *Latiolais*, 951 F.3d at 290.
[36] *Latiolais*, 951 F.3d at 296.

### C. The Colorable Defense Prong

The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach."[37] "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response."[38] The Fifth Circuit explained that, "an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous."[39] Therefore, "if a defense is plausible, it is colorable."[40]

Defendants have raised two federal defenses, including that Plaintiffs' claims are barred by governmental contractor immunity as established by *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).[41] Because Defendants have a "colorable defense" under *Boyle*, it is unnecessary to discuss alternative defenses.[42]

Defendants also relied upon *Boyle* in *Latiolais*, where the Fifth Circuit explained:

> This defense extends to federal contractors an immunity enjoyed by the federal government in the performance of discretionary actions. Accordingly, federal contractors are not liable for design defects if (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. Furthermore, the government contractor defense does not necessarily apply only to claims labeled design defect. Instead, whether it will apply to a particular

---

[37] *Id.* at 290.
[38] *Id.*
[39] *Id.* at 297 (internal quotation marks and citations omitted).
[40] *Id.*
[41] R. Doc. 1.
[42] *See Landreaux*, *supra*, * 3 n. 6 (citing *Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708 (E.D. La. 2020); *Hernandez v. Huntington Ingalls, Inc.*, No. CV 19-14685, 2020 WL 1864874 (E.D. La. Apr. 14, 2020); *Bourgeois v. Huntington Ingalls Inc.*, No. CV 20-1002, 2020 WL 2488026 (E.D. La. May 14, 2020)).

claim depends only upon whether Boyle's three conditions are met with respect to the particular product feature upon which the claim is based.[43]

As in *Latiolais*, Defendants have offered evidence establishing that the three *Boyle* conditions are satisfied.[44] Although Plaintiffs argue that the defense is not colorable and has been asserted only to invoke federal jurisdiction, those arguments do not undermine the plausibility of the defense. Defendants have submitted evidence showing that the vessels at issue were built under contracts executed between Avondale and the United States government and contained mandatory terms, conditions and specifications imposed upon Avondale by the government, including the requirement that Avondale use asbestos. Defendants have demonstrated that the Avondale Interests complied with the government design specification to install asbestos through affidavits and deposition testimony that the Avondale Interests complied with reasonably precise specifications (requiring the use of asbestos) from the government regarding its shipbuilding operations. And, as they did in *Latiolais*, Defendants have submitted evidence tending to show that the federal government knew as much or more than the Avondale Interests regarding asbestos-related hazards and safety measures. Therefore, as in *Latiolais*, Defendants have made a colorable claim that they did not fail to warn the government about any dangers of which the government did not know.

In short, Defendants have asserted a federal defense that is not wholly insubstantial and frivolous, despite Plaintiffs' arguments to the contrary. Accordingly, Defendants have sufficiently established the conditions for federal officer removal under Section 1442(a). For these reasons,

---

[43] *Latiolais*, 951 F.3d at 296 (internal quotation marks and citations omitted) (emphasis in original).
[44] *Id.* at 297-98.

**IT IS ORDERED** that Plaintiffs' motion to remand[45] is DENIED.

New Orleans, Louisiana, this 31st day of March 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[45] R. Doc. 61.