UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN R. LEGENDRE | CIVIL ACTION |
| VERSUS | NO: 19-14336 |
| LAMORAK INSURANCE COMPANY, et al. | SECTION: T (5) |

## ORDER

Before the Court is a motion to dismiss for lack of personal jurisdiction and failure to state a claim filed by Tutco, LLC f/k/a Tutco, Inc. ("Tutco").[1] Huntington Ingalls Incorporated (hereafter referred to as "Avondale"), which filed a third-party demand against Tutco,[2] has filed an opposition.[3] Mestek, Inc., another third-party defendant, has also filed an opposition.[4] Tutco with leave of court filed a reply.[5] For the reasons set forth below, the motion to dismiss is DENIED WITHOUT PREJUDICE. Avondale is allowed 28 days from the date of this order in which to amend its pleading, and the parties are granted 21 days from the date of this order to conduct jurisdictional discovery.

FACTS AND PROCEDURAL HISTORY

In October 2019, Plaintiff Stephen Legendre filed a Petition for Damages in state court alleging that he was diagnosed with malignant mesothelioma in September 2019, and that his mesothelioma was caused by exposure to asbestos from several sources, including asbestos

---

[1] R. Doc. 108.
[2] R. Doc. 79.
[3] R. Doc. 118.
[4] R. Doc. 117.
[5] R. Doc. 120.

1

allegedly brought home on the Avondale work clothes of his father, Percy Legendre, Sr. Plaintiff alleged that his father worked at Avondale in "various positions" from 1943 to 1945, and was exposed to asbestos "on a daily basis."[6]

Defendant Avondale removed the case to federal court,[7] and thereafter filed a third-party claim against Mestek, Inc, as the successor corporation to L.J. Wing Manufacturing Company, which had allegedly supplied forced draft blowers and turbines to Avondale during the time period that Percy Legendre, Sr. had worked at Avondale and whose products allegedly exposed him to asbestos that he brought home on his clothes, thereby exposing his son Stephen Legendre.[8] In its Answer, Mestek, Inc., denied it had acquired liability for L.J. Wing's products.[9] Instead, Mestek averred that Tutco had acquired such assets and liabilities.[10]

Mestek specifically averred that "[i]n July 1987, Mestek purchased certain assets of Wing Industries, Inc., a subsidiary of Adams Industries, Inc. Wing Industries was at that time the successor to L.J. Wing Company."[11] Mestek further averred:

> A significant number of assets remained with Wing Industries and were sold to another corporation, Tutco, Inc. Tutco, Inc. was also a subsidiary of Adams Industries, Inc. In 1994, Adams Industries, Inc. changed its name to Tutco, Inc. and was reincorporated in Pennsylvania. On information and belief, Tutco, Inc. is now a subsidiary of Smith Industries, Inc.
> The corporate entity which is probably the successor to L.J. Wing Manufacturing Company referred to in the Third Party Demand is Tutco, Inc.
> Mestek, Inc. is not the corporate successor to L.J. Wing Manufacturing Company and has had no connection whatsoever to the manufacture of the

---

[6] R. Doc. 1-1.
[7] R. Doc. 1.
[8] R. Doc. 2, p. 9: "MESTEK, INC., as successor-in-interest to L. J. WING MANUFACTURING COMPANY – manufactured asbestos-containing forced draft blowers and turbines used in the construction of N3 Cargo Carriers and other vessels constructed by Avondale."
[9] R. Doc. 55.
[10] *Id.*
[11] *Id.*, p. 3.

equipment allegedly sold to Avondale for use in its ships as alleged in the Third Party Demand.[12]

Avondale, with leave of the Magistrate Judge,[13] filed a third-party demand adding Tutco as a third-party defendant.[14] In its demand, Avondale alleged *inter alia* that Tutco was a "successor-in-interest to L.J. WING MANUFACTURING COMPANY – as manufacturer of asbestos containing forced draft blowers and turbines used in the construction of N3 Cargo Carriers and other vessels constructed by Avondale."[15]

In its motion to dismiss, Tutco asserts it is a Pennsylvania corporation with its place of business in Tennessee. Tutco avers that Avondale has failed to allege facts that would support either general or specific personal jurisdiction. Tutco points out that it does no business in Louisiana and has no other contacts with Louisiana. Tutco contends Avondale falls far short of establishing a *prima facie* case that minimum contacts exist such that an exercise of specific personal jurisdiction over Tutco would be constitutional. Tutco asserts that Avondale did not allege any jurisdictional facts against Tutco. Because Avondale does not allege a single jurisdictional fact against it, Tutco contends Avondale has entirely failed to allege that Tutco has engaged in the requisite activities that would be sufficient to invoke Louisiana's long-arm statute. Tutco also argues that Avondale's third-party demand fails to state a claim, other than a bare allegation that Tutco is a successor in interest to L.J. Wing. Tutco argues that, without additional facts, there is no basis on which to grant relief.

---

[12] *Id.*, p. 4.
[13] R. Doc. 78.
[14] R. Doc. 79.
[15] *Id.*, p. 2.

LAW and ANALYSIS

When a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction exists.[16] If the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction.[17] In determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction, the district court must take the allegations of the complaint as true, except as controverted by opposing affidavits, and all conflicts in the facts must be resolved in favor of the plaintiff.[18] Thus, the district court may consider matters outside the complaint, including affidavits, when determining whether personal jurisdiction exists.[19] A finding that the plaintiff has made a *prima facie* showing of jurisdictional facts does not, however, end the inquiry. Ultimately, "the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial."[20]

A court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."[21] Specific jurisdiction exists when a non-resident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"[22] Specific jurisdiction

---

[16] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).
[17] *Id.*
[18] *Id.*
[19] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).
[20] *Traveler's Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) (internal quotation marks and citation omitted).
[21] *Luv N' Care*, 438 F.3d at 469.
[22] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alphine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).

may also exist where a non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[23] "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[24] The Fifth Circuit applies a three-step analysis for personal jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[25]

Avondale asserts Tutco has not argued that it would be unfair or unreasonable for the Court to exercise personal jurisdiction; instead, Tutco claims that it does not have sufficient minimum contacts with Louisiana. Avondale alleged in its third-party demand that Tutco is the successor-in-interest to L.J. Wing, and has attached a 1994 Asset Purchase Agreement purporting to show that Tutco purchased certain assets and assumed the liabilities of Wing Draft Inducer Company, which Avondale believes to be the same L.J. Wing Manufacturing Company that provided the turbines and forced draft blowers to Avondale in 1943. Avondale points out that the minimum contacts of the predecessor corporation may be imputed to the successor corporation to support personal jurisdiction.[26]

---

[23] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).
[24] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).
[25] *McFadin v. Gerber*, 587 F.3d 753, 763 (5th Cir. 2009).
[26] *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002) (the jurisdictional contacts of a predecessor corporation may be imputed to its successor corporation or individual

Tutco in its reply contends that the 1994 Agreement should not be considered, because it was not attached to the third-party demand, and that, if it is considered, the Agreement shows only that Tutco acquired liability for products made or sold after the April 1, 1994.[27] Tutco also contends the Court should not permit Avondale to amend its pleading or allow it additional jurisdictional discovery because to do so would be futile, and Avondale failed to comply with Local Rules 7.6 (by not first attempting to obtain the consent of Tutco to amend its pleading) and 7.4 (by not serving Tutco with proposed discovery).[28]

Although the Court agrees with Tutco that Avondale has failed to establish a prima facie showing of personal jurisdiction over Tutco, it will allow Avondale additional discovery and permit it to amend its demand, if possible. This Court has held that:

> To support a request for jurisdictional discovery, a plaintiff must make a preliminary showing of jurisdiction. A preliminary showing of personal jurisdiction requires factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts. If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery should be sustained.[29]

Here, Avondale has made a preliminary showing of personal jurisdiction by alleging with reasonable particularity the possible existence of the requisite contacts by virtue of the corporate successor doctrine. Accordingly, the Court will sustain Avondale's request for jurisdictional discovery.

**IT IS ORDERED** that Tutco's Motion to Dismiss is DENIED WITHOUT PREJUDICE

---

alter ego); *see also Libersat v. Sundance Energy Inc.*, 437 F. Supp. 3d 557, 567–68 (W.D. La. 2020).
[27] R. Doc. 120.
[28] *Id.*
[29] *Stone v. LG Chem Am., Inc.*, No. CV 20-1211, 2020 WL 3189316, at *3 (E.D. La. June 15, 2020) (citations and quotations omitted).

6

TO REFILING.

**IT IS FURTHER ORDERED** that the Parties are given leave of 21 days to conduct jurisdictional discovery into the issue and facts surrounding personal jurisdiction over Tutco as a successor corporation.

**IT IS FURTHER ORDERED** that Avondale is granted an additional 28 days from the date of this order in which to file an amended pleading.

New Orleans, Louisiana, this 31st day of March 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE